**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Shenzhen Dejiayun Network Technology Co., Ltd., a Chinese Corporation ) ) ) | |
| Plaintiff, ) ) | Case No. 21-cv-6607 |
| v. ) ) | Judge Manish S. Shah |
| The Partnerships And Unincorporated Associations Identified On Schedule "A", ) ) ) | Magistrate Judge Jeffrey I. Cummings |
| Defendant. ) ) | |

**PLAINTIFF'S OPPOSITION TO WALMART INC.'S MOTION
TO MODIFY THE JANUARY 24, 2022 PRELIMINARY INJUNCTION**

**I.    BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed the instant civil action on December 10, 2021 [Doc. 1], to combat the willful and intentional counterfeiting and infringement of its federally registered BAGILAANOE trademark, which is covered by U.S. Trademark Registration No. 5,745,285 ("BAGILAANOE") [Doc. 1-1]. On December 15, 2021, Plaintiff filed a motion for entry of an ex parte temporary restraining order, including a temporary injunction enjoining the manufacture, importation, distribution, offering for sale, and sale of counterfeit BAGILAANOE products, a temporary asset restraint and expedited discovery. [Doc. 14] On December 20, 2021, this Court granted Plaintiff's motion for entry of a temporary restraining order. [Doc. 17] On December 25, 2021, Plaintiff moved to extend the TRO for fourteen days. [Doc. 18] This Court granted Plaintiff's motion to extend the TRO on January 3, 2022. [Doc. 20] Plaintiff moved to convert the TRO to a preliminary injunction on January 12, 2022. [Doc. 22] Plaintiff's motion for preliminary injunction was granted on January 24, 2022. [Doc. 27]

On January 28, 2022, non-party Walmart, Inc. appeared to move to modify the preliminary injunction order. [Doc. 31] (hereinafter, "the motion to modify") On February 5, 2022, the Court granted Walmart's motion to modify in part, extending certain deadlines for expedited discovery responses. [Doc. 33] On February 17, 2022, the Court entered default judgment against all defendants except for Defendants Grande vente, LAMODE, MCKESONYRAS, T-USA and YUCVELP Outlets. [Docs. 44-45] (hereinafter, "the Remaining Defendants") Plaintiff now presents its opposition to Walmart's motion to modify.

## II.     SUMMARY OF THE ARGUMENT

Walmart received notice of Plaintiff's motion for preliminary injunction and was afforded an opportunity to be heard prior to its entry. Walmart lacks standing to object to the asset restraining provisions of the preliminary injunction order. Walmart has failed to demonstrate the need for modification.

## III.    ARGUMENT

### a)  Walmart Received Notice of Plaintiff's Motion for Preliminary Injunction and was Afforded an Opportunity to be Heard Prior to its Entry

In its motion to modify, Walmart suggests that it was not provided notice of the preliminary injunction or afforded an opportunity to posit its objections. [Doc. 31 at 1; 5 at FN.3; 8 at FN.5] First, Plaintiff notes that Walmart's argument as to lack of notice is presented in a way that might be confusing. In the introduction to its motion to modify, Walmart defines the temporary restraining order entered on December 20, 2021 as "the 'Temporary Restraining Order' or 'Order'" and the preliminary injunction [Doc. 27] as "the 'Preliminary Injunction' or the 'Injunction.'" [Doc. 31 at 1] Walmart requests that the Court modify the preliminary injunction as "the underlying Temporary Restraining Order was provided without prior notice

and the Preliminary Injunction was entered without a hearing." [Id. at 1, 5] Walmart then goes on to base its claim of lack of notice exclusively upon issuance of the temporary restraining order. [Id. at 8] Remarkably, Walmart then acknowledges that "the issue of notice is no longer ripe before this Court." [Id. at 9, FN.7] Plaintiff agrees that Walmart's objections to lack of notice prior to entry of the ex parte TRO, which Walmart acknowledges that it received no later than December 20, 2021, [Id. at 3] renders its objections moot. With limited exceptions, not applicable here, that a TRO superseded by preliminary injunction is moot is well established and uncontroversial. see *Squillacote v. L. 248, Meat Allied Food Wkrs*, 534 F.2d 735, 746 (7th Cir. 1976) ("The general rule is that the validity of a temporary restraining order is moot when the court issues a preliminary injunction ."); *Federal Trade Commission v. Phoenix Avatar, LLC*, No. 04 C 2897, at *27 n.8 (N.D. Ill. July 29, 2004) ("Defendants arguments regarding the ex parte nature of the TRO are moot give this court's ruling granting the FTC's request for a preliminary injunction made after the defendants have been heard.")

In addition to its now academic objection to the entry of the ex parte TRO, Walmart submits that the preliminary injunction should be modified because the Court did not hold a hearing. [Id. at 1, 5, 8] Walmart suggests that its failure to object prior to entry of the preliminary injunction was due to Plaintiff's having failed to apprise them of a hearing date. [Id. at 3, 5 at FN.3, 8 at FN.5] This suggestion is contradicted both by the record of communications between Walmart and Plaintiff prior to the entry of the preliminary injunction and Walmart's admissions at brief. See the Declaration of L. Ford Banister, II, Ex. A. (hereinafter, "the Banister Declaration") Rather, the record shows that counsel for Plaintiff and Walmart spoke via phone on or January 7, 2022. [Id. at 6-7] Following this conference, Plaintiff acknowledged its commitment to notice Walmart of the forthcoming preliminary injunction hearing. [Id.] On or

3

about January 13, 2022, Plaintiff noticed Walmart that it would present its motion for preliminary injunction on Tuesday, January 18, 2022 at 9:30 AM and provided Walmart with a copy of the proposed order. [Id. at 5] On or about January 15, 2022, Walmart acknowledged service and asked whether a hearing had been set on the motion for preliminary injunction. [Id. at 4] Walmart acknowledges in its brief that it was aware that the January 18th presentation date had been stricken. [Doc. 31 at 5, FN.3] Plaintiff did not respond to Walmart's inquiry of January 15, 2022 as the minute order of January 13, 2022 striking the originally set hearing date is crystal clear that the "Court will rule by mail." [Doc. 25]

Had Plaintiff had further information, it would have conveyed it to Walmart but it did not. In sum, Walmart was fully apprised of the pendency of Plaintiff's motion for a preliminary injunction, the relief requested therein and that the Court would rule by mail without holding a hearing. Being so informed, Walmart simply chose not to assert its objections until after the preliminary injunction order was entered. Judge Castillo's opinion in *Banister v. Firestone* is instructive on this issue. No. 17 C 8940 (N.D. Ill. Sep. 5, 2018). In *Banister*, the defendant, Firestone, moved to vacate the preliminary injunction order on the grounds that he had only six days notice of the preliminary injunction hearing and had some personal business to attend to in the meantime. *Id*. at 16-17. Judge Castillo observed that "Firestone did not file a request for an extension of time to respond to the motion for preliminary injunction or otherwise communicate to the Court that he wished to respond to the motion but was unable to do so in the time allotted. Instead, he simply failed to appear." *Id*. at 17. Here, as set out above, Walmart acknowledges its awareness that the original hearing date had been stricken and, necessarily, that the Court would rule by mail. [Doc. 31 at 5, FN.3; 25] While Plaintiff does not suggest that the courthouse door is forever barred to Walmart due to its failure to timely appear, its suggestion that it was not

4

properly noticed and was denied an opportunity to present its objections, thus entitling it to a modification of the preliminary injunction order, is contradicted by the clear record and fails as a matter of law.

Finally, to the extent that Walmart suggests that the preliminary injunction was improperly entered due to the Court's having chosen to proceed on the moving papers, Walmart is incorrect. The court need not conduct an evidentiary hearing unless one is called for as a result of a fact issue created by the response to a motion for a preliminary injunction. See, e.g., *In re Aimster Copyright Litig.*, 334 F.3d 643, 653-54 (7th Cir. 2003); *Promatek Indus., Ltd. v. Equitrac Corp.*, 300 F.3d 808, 814 (7th Cir. 2002); *Ty, Inc. v. GMA Accessories, Inc.*, 132 F.3d 1167, 1171 (7th Cir. 1997). Where, as here, no opposition or request for an evidentiary hearing is made, with notice being properly given, entry of a preliminary injunction without an evidentiary hearing is especially proper. See *Dexia Crédit Local v. Rogan*, 602 F.3d 879, 884 (7th Cir. 2010) ("Here, Judith raised no issue of fact; rather she withdrew her evidence and did not object when the court entered the injunction."); *Mahwikizi v. Ctrs. For Disease Control & Prevention*, 21 CV 3467, at *5 (N.D. Ill. Nov. 22, 2021) (Shah, J.) ("There is no need for an evidentiary hearing on Mahwikizi's motion for a temporary restraining order. The relevant facts-namely...are not disputed...")

      **b)    Walmart Lacks Standing to Object to the Asset Restraining Provisions of the Preliminary Injunction Order**

In its motion to modify, Walmart argues that the asset restraining order contained in the Preliminary injunction order is overbroad and posits that "requiring Walmart to freeze legitimate accounts and funds that are not associated with any infringing product is not only unsupported by the law but creates an extreme and unnecessary burden and expense." [Doc. 31 at 6-7] Walmart is not the first ecommerce platform to raise similar objections in this judicial district. In *Kawada*

*Co. v. Individuals Identified on Schedule A*, ContextLogic, Inc. dba Wish.com moved to intervene and sought to limit the scope of the asset restraining order. No. 1:19-cv-6838 (N.D. Ill.) (Doc. 41 at 3, 18-19) On December 18, 2019, Judge Lee held a hearing on Wish' motion in which he thoroughly questioned counsel for both the Plaintiff, Kawada, and Wish. Judge Lee ultimately found, quite emphatically, that Wish did not have standing to object to the scope of the asset restraining provisions of the preliminary injunction. See Hr'g Tr. at 22 at 4-11 ("It is difficult for the Court to see how Wish would have standing to dispute plaintiff's claims or how Wish would be injured in the event that defendants chose not to defend against plaintiff's allegations and rather elect to default on plaintiff's claims here. The Court finds that Wish lacks standing to interject itself into the merits of plaintiff's Lanham Act claims against the defendants.")

Wish also sought to interject itself into *Oraldent Ltd. v. The Partnerships and Unincorporated Associations Identified on Schedule "A,"* Civil No. 1:20-cv-00304 (N.D. Ill.) Judge Feinerman rejected Wish' challenge to the scope of the asset restraining order, noting that, as here, "Wish does not oppose the asset restraint itself; rather, it argues that the restraint should cover only funds that reflect profits from Defendants' allegedly infringing sales. *Id*. at Doc. 44 at 1. Judge Feinerman, citing Judge Lee's decision in *Kawada*, found that "Wish is not the right party to make that particular objection; although the existence of the asset restraint impacts Wish, Wish has not argued, let alone shown, that it has any stake in the amount of funds restrained... Only Defendants have a stake in objecting to the extent of the asset restraint, and none have done so. For all the court knows, Defendants do not oppose either the existence or the extent of the asset restraint." *Id*. at 1-2. And so it is here. The circumstances vary between *Kawada* and *Oraldent* only in that this Court has now entered default judgment against the grand majority of

6

the initial defendants, [Doc. 45] with counsel having appeared on behalf of the Remaining Defendants on February 13, 2022. [Doc. 41] Notably, when, at the default judgment hearing held on February 15, 2002, the Court specifically inquired as to whether the Remaining Defendants objected or proposed modifications to the preliminary injunction order, their counsel responded that the parties are engaged in settlement negotiations and indicated that they deferred any opposition or proposed modifications. [Hearing Trans. at 11:20-12:10] Should settlement not be reached as anticipated, to the extent that they wish to submit that any part of the preliminary injunction order is overbroad, the Remaining Defendants may do so, their interests being adequately represented.

### c) Walmart has Failed to Demonstrate the Need for Modification

In *Oraldent*, after rejecting Wish' arguments due to its lack of standing, Judge Feinerman further found that "Wish's arguments fail on the merits. Assuming that Wish is correct that the asset restraint may lawfully cover only Defendants' profits from allegedly infringing sales, Wish has not shown that the restraint covers more than those profits." *Id*. at 2. As this Court held in *River Light V, L.P., et al. v. Zhangyali, et al.*, the burden is on the defendant to present documentary proof that the assets in its account are not the proceeds of counterfeiting activities. No. 15-cv-05918 (N.D. Ill. Sept. 9, 2015) (Dkt No. 46). This principle is now well established. See *Monster Energy Co. v. Chen Wensheng*, 136 F. Supp. 3d 897, 910 (N.D. Ill. 2015) ("Defendants have not submitted any evidence regarding their PayPal account transactions to show that these funds are not the proceeds of counterfeiting activities."); *Entm't One UK Ltd. v. 2012Shiliang*, 384 F. Supp. 3d 941, 955 (N.D. Ill. 2019) ("Defendants have provided no such proof, other than asserting that they each sold only one cookie cutter. "); *H-D U.S.A. v. The P'ships & Unincorporated Ass'ns Identified On Schedule "A"*, 21 C 3581 at *7-9 (N.D. Ill. Oct.

10, 2021) (same). Walmart having presented no evidence whatsoever as to the scope of the asset restraint to which the Remaining Defendants continue to be subject, even assuming, arguendo, that it has standing to challenge the asset restraining order, Plaintiff respectfully submits that Walmart has failed to meet its burden to show by documentary evidence that the funds now restrained are not the profits of counterfeiting.[12]

Finally, Walmart requests that the Court modify the preliminary injunction order to specifically state that it may issue refunds from the restrained amounts. [Doc. 31 at 5] Plaintiff respectfully submits that the Court should view this request as being subject to the same standing and evidentiary requirements as its other requests to modify the preliminary injunction. While suggesting that this reading of the preliminary injunction order is inherently unreasonable, Walmart submits no evidence showing that it actually receives returns on behalf of third party sellers that operate on its ecommerce platform or quantifying the number and value of any such returns. [Id. at 4, 7, 9] In fact, Walmart's presentation that the Defendants in this case "have no affiliation with Walmart" suggests that Walmart does not independently process either online or physical product returns. [Id. at 6] Plaintiff acknowledges that, should Walmart provide evidence as to its return processing procedures as they relate to the Remaining Defendants, such a modification may be reasonable, in which case Plaintiff will consider the modification in good

---

[1] In its memorandum, Walmart presents that "Certain of those accounts, however, hold millions of dollars in revenue from products whose legitimacy is not at issue." [Doc. 31 at 7] It is unclear what basis Walmart has to make this claim. Walmart is reminded that unsworn statements by attorneys in briefs are not evidence on which the Court can rely. See *Mitze v. Colvin*, 782 F.3d 879, 882 (7th Cir.2015) ("assertions in briefs are not evidence"); *In re Morris Paint & Varnish Co.*, 773 F.2d 130, 134 (7th Cir.1985) ("Arguments and factual assertions made by counsel in a brief, unsupported by affidavits, cannot be given any weight.").

[2] Notably, when the Court inquired of Walmart as to the balance of the accounts for the Remaining Defendants, Walmart's counsel acknowledged that she was not aware of this information at the time of the hearing but indicated that it could be obtained quickly. [February 15, 2022 Hearing Trans. at 4:14-22]

8

faith and may not object. However, Plaintiff respectfully submits that the status quo should not be disturbed on such a wholly undeveloped record. Should the Court deny Walmart's request at this time, Plaintiff will, in the interest of judicial efficiency, seek to informally resolve this issue.

### III. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court **DENY** Walmart's motion to modify the preliminary injunction order and grant Plaintiff any further and additional relief that it deems necessary and appropriate.

Respectfully submitted this 22nd day of February, 2022,

/s/ L. Ford Banister, II
Bar No. 5446539
Ford Banister IP
305 Broadway - Floor 7
New York, NY 10007
Telephone: +1 212-500-3268
Email: ford@fordbanister.com
*Attorney for Plaintiff*