UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SHENZHEN DEJIAYUN NETWORK
TECHNOLOGY CO., LTD.,

    Plaintiff and Counter-Defendant,

       v.

GRANDE VENTE, MCKEYSONYRAS,
T-USA, LAMODE, YUCVELP
OUTLETS,

    Defendants and Counter-Plaintiffs.

No. 21 CV 6607

Judge Manish S. Shah

## ORDER

The motion to dismiss, [55], is granted. The counterclaims are dismissed without prejudice. Any amended counterclaims that attempt to cure the deficiencies in the original ones must be filed by 8/17/22. The parties shall file a status report on discovery progress and with any proposals for dispositive motion practice by 8/24/22. The motion to compel filing of affiliate disclosures or, in the alternative, to strike defendants' answers to plaintiff's complaint, [58], is terminated as moot.

## STATEMENT

Plaintiff Shenzhen Dejiayun Network Technology Co., Ltd., a Chinese corporation, holds a trademark in the brand BAGILAANOE. [49] at 3–4.[1] The company sued a slew of entities, alleging trademark infringement. [1]. Most of the defendants failed to appear and the court entered a default judgment against them. *See* [44]; [45].

The remaining defendants—Grande vente, MCKESONYRAS, LAMODE, YUCVELP Outlets, and T-USA—filed an answer asserting various affirmative defenses and counterclaims, seeking cancellation of plaintiff's mark and full costs of litigation, including attorneys' fees. [49]; *see* 15 U.S.C. § 1115(b)(1). Defendants allege that plaintiff's BAGILAANOE mark (Trademark Registration No. 5,745,285) is void because plaintiffs fraudulently procured it. [49] at 18. Specifically, on the dates plaintiff identified in the trademark application as the date of first use anywhere ("at least as early as 09/10/2018") and the date of first use in U.S.

---

[1] Bracketed numbers refer to entries on the district court docket. Page numbers are taken from the CM/ECF header placed at the top of filings.

interstate commerce ("at least as early as 09/15/2018"), plaintiff was not using the mark to sell all of the goods identified in the application. [49] at 21.[2] Instead, it was only using the mark for infant shirts. [49] at 23.

Plaintiff says defendants fail to sufficiently allege fraudulent procurement and moves to dismiss defendants' counterclaims. [55].[3]

A complaint must contain "a short and plain statement" showing that the complaining party is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). To survive a Rule 12(b)(6) motion to dismiss, a non-movant must allege facts that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). At this stage, I accept all factual allegations in the counter-complaint as true and draw all reasonable inferences in the defendants' favor, disregarding legal conclusions or "threadbare recitals" supported by only "conclusory statements." *See Iqbal*, 556 U.S. at 678; *Cozzi Iron & Metal, Inc. v. U.S. Office Equip., Inc.*, 250 F.3d 570, 574 (7th Cir. 2001) (motions to dismiss counterclaims evaluated under the same standard as motions to dismiss claims).

In cases where a party alleges fraud, the complaint "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Intent can be alleged generally, though. *Id.* "Fraud is a serious matter" and Rule 9 "represents a policy decision to protect potential fraud defendants from litigation based on nothing but…speculation." *United States v. Molina Healthcare of Ill., Inc.*, 17 F.4th 732, 740 (7th Cir. 2021). The rule is designed to discourage a "sue first, ask questions later" approach. *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 441 (7th Cir. 2011). Particularity requires alleging the "who, what, when, where, and how" of an alleged fraud—"the first paragraph of any

---

[2] Plaintiff identified the following goods in its application for a trademark: "Bath robes; Belts; Boots; Bottoms as clothing; Brassieres; Coats for men and women; Footwear; Frocks; Gloves; Hats; Headwear; Hosiery; Infant wear; Jackets and socks; Jeans; Jumpers; Knitwear, namely, knit tops,[] knit bottoms; Leather harnesses worn by people as clothing; Leggings; Neckties; Overalls; Pajamas; Pants; Parkas; Pullovers; Rompers; Sandals; Scarves; Shawls; Shoes; Shorts; Skirts and dresses; Slippers; Stockings; Suits; Sweaters; Swimsuits; Tights; Tops as clothing; Trousers; Underpants; Underwear; Vests; Wedding dresses; Wedding gowns." [49] at 20.

[3] Plaintiff also moved to compel defendants to file an affiliate disclosure statement, as mandated by Local Rule 3.2. That rule requires any "nongovernmental party, other than an individual or sole proprietorship, to file a statement identifying all its affiliates." Local Rule 3.2(b). An affiliate includes any entity or individual that owns 5% or more of a party, as well as any entity or individual that owns 5% or more of "any such affiliate." Local Rule 3.2(a). The statement must be filed with the party's "first appearance, pleading, petition, motion, response, or other request." Local Rule 3.2(c). Defendants filed their disclosure after plaintiffs moved to compel, [60], so the motion is terminated as moot.

newspaper story." *Pirelli*, 631 F.3d at 441–42 (quoting *United States ex rel. Lusby v. Rolls-Royce Corp.*, 570 F.3d 849, 853 (7th Cir. 2009)); *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990)).

A trademark is fraudulently procured when "the applicant or registrant knowingly makes a false, material representation with the intent to deceive the PTO." *In re Bose Corp.*, 580 F.3d 1240, 1245 (Fed. Cir. 2009). Plaintiff says defendants haven't sufficiently alleged fraudulent procurement because most of their allegations are based on "information and belief." [55] at 4–5 (citing [49] at 21–23). Defendants respond that they have provided the information necessary to comply with Rule 9(b)—the who, what, when, where, and how—and that they "properly reserved [their] use of allegations based on information and belief to those regarding what Plaintiff knew, namely Plaintiff's knowledge of the misrepresented scope of its purported use of the mark and its intent to deceive the U.S. Trademark Office based on the misrepresentations." [59] at 4.

Allegations based on information and belief generally do not satisfy Rule 9(b)'s particularity requirement. *Pirelli*, 631 F.3d at 442. But there is an exception when 1) the facts constituting the fraud aren't accessible to the complaining party, and 2) the party provides "grounds for…suspicions" of the fraud. *Id.* at 443. This exception accounts for information asymmetries—when only the other party has access to certain facts. *See Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 948 (7th Cir. 2013); *Jepson, Inc. v. Makita Corp.*, 34 F.3d 1321, 1328 (7th Cir. 1994).

Defendants have provided the who, what, when, where, and how information. They say that plaintiff committed the fraud (who) by making materially false representations to the PTO (what)—specifically about the scope of plaintiff's use of the mark (how)—in its September 29, 2018, application (when) to the U.S. Trademark Office (where). [59] at 3; *see Slep-Tone Ent. Corp. v. Elwood Enters., Inc.*, 165 F. Supp. 3d 705, 712 (N.D. Ill. 2015); *Slep-Tone Ent. Corp. v. Teddy O'Brian's, Inc.*, 14-cv-3570, 2014 WL 4783048, at *3 (N.D. Ill. Sep. 24, 2014).; *Slep-Tone Ent. Corp. v. Kalamata, Inc.*, 75 F. Supp. 3d 898, 906 (N.D. Ill. 2014). Some of that information is asserted on information and belief. If, as defendants claim, [59] at 4, their only allegations based on information and belief were allegations about what plaintiff knew and intended, they would be in the clear. States of mind can be alleged generally, and any information illuminating a party's state of mind is likely to be within its exclusive control, anyway. But that isn't the case here. Defendants allege, on information and belief, that plaintiff wasn't using the BAGILAANOE mark for all of the listed products when plaintiff filed the trademark application, that plaintiff wasn't using the mark anywhere "at least as early as 09/10/2018" and wasn't using the mark in U.S. interstate commerce "at least as early as 09/15/2018." [49] at 21, 23. Those allegations go to the falsity of plaintiff's representation to the PTO and are subject to Rule 9(b)'s heightened pleading standard.

Information about when and where plaintiff was using the mark in 2018 may very well be inaccessible to defendants. Figuring out what, exactly, plaintiff was selling (and not selling) four years ago may be impossible without access to plaintiff's records. But if that's the case, then defendants must at least provide some reason to think that plaintiff was not using the BAGILAANOE mark for all of the products listed in the application as of the dates indicated in the application. This could be as simple as alleging that defendants track their competitors' goods and, as of the dates indicated in plaintiff's application, hadn't seen non-infantwear BAGILAANOE products on the market. Regardless of how they do it, they must provide more. *Pirelli*, 631 F.3d at 443.

Next, plaintiff claims that defendants' information-and-belief allegations contradict some of their answers to plaintiff's complaint. [55] at 5. If plaintiff is right, defendants' fraud claims will never survive a motion to dismiss, regardless of whether defendants offer their grounds for suspicion of fraud. Defendants say they are "without information to either confirm or deny…and thereby deny" the following, [49] at 4:

- At all times relevant, Plaintiff has marketed and sold clothing items in Class 25 ("BAGILAANOE Products") through the Amazon.com, Walmart.com and JD.com ecommerce platforms utilizing the BAGILAANOE mark. Sales and revenue derived from merchandise sold under the BAGILAANOE mark have been significant.

- Plaintiff is the owner of all rights, title and interest in and to the BAGILAANOE mark, U.S. Trademark Registration No. 5,745,285. The registration is valid, subsisting, unrevoked and uncancelled. The registration for the BAGILAANOE mark constitutes prima facie evidence of validity and of Plaintiff's exclusive right to use the BAGILAANOE mark pursuant to 15 U.S.C. § 1057(b).

- As detailed below, Plaintiff has been using the mark since September 15, 2018, in connection with the advertising and sale of Plaintiff's Products in interstate and foreign commerce, including commerce in the State of Illinois and the Northern District of Illinois.

According to plaintiffs, defendants cannot "have it both ways"—they cannot simultaneously allege fraudulent procurement while saying they lack sufficient information to confirm or deny the above allegations. [55] at 5 (citing *Nat'l W. Life Ins. Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 175 F. Supp. 2d 489, 492 (S.D.N.Y. 2000) ("[W]hile…Rule 8(e)(2) clearly allows pleading of inconsistent theories or statements of a claim, there is no authority for the proposition that within a statement of a given claim a party may assert as fact two assertions that directly contradict each other. Such clashing factual assertions, stated in the context of the

4

same claim rather than as conceptually distinct alternative theories of liability, may be deemed judicial admissions."). It is true that "a pleader may assert contradictory statements of fact only when the pleader legitimately is in doubt about the facts in question." *Am. Int'l. Adjustment Co. v. Galvin*, 86 F.3d 1455, 1461 (7th Cir. 1996). But defendants don't assert contradictory facts. They say, on the one hand, that they don't have enough information to conclusively confirm or deny that plaintiff's trademark is valid or that plaintiff has been using the mark since September 10 and 15, 2018, and, on the other hand, that they *believe* neither of these things is true. They allege fraud on information and belief precisely because they cannot confirm or deny the allegations with definitive evidence. As discussed, defendants insufficiently plead their counterclaims under Rule 9(b), but they have not pleaded themselves entirely out of court.

Plaintiff's motion to dismiss, [55], is granted and defendants' fraudulent-procurement counterclaim is dismissed without prejudice. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015).

ENTER:

Date:   August 2, 2022

_____
Manish S. Shah
U.S. District Judge