**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Shenzhen Dejiayun Network Technology Co., Ltd., a Chinese Corporation )<br>)<br>)<br>) | |
| Plaintiff, ) | Case No. 21-cv-6607 |
| ) | |
| v. ) | Judge Manish S. Shah |
| ) | |
| ) | Magistrate Jeffrey I. Cummings |
| The Partnerships And Unincorporated Associations Identified On Schedule "A" )<br>)<br>)<br>) | |
| Defendants. ) | |

**PLAINTIFF'S MOTION TO COMPEL**

Comes Now, Shenzhen Dejiayun Network Technology Co., Ltd., Plaintiff in the above styled civil action, by and through it counsel, Ford Banister IP, and hereby moves this Honorable Court for an order compelling those Defendants to respond fully and completely to Plaintiff's expedited discovery requests and for sanctions pursuant to Fed.R.Civ.P. 37(a)(5)(A) and Fed. R. Civ. P. 37(b)(2)(A). In support of her request, Plaintiff states as follows:

**Background and Procedural and Relevant Procedural History**

1. Plaintiff filed the instant civil action on December 10, 2021. [Doc. 1]

2. On February 13, 2022, Attorney Adam Urbanczyk appeared on behalf of Defendants Grande vente, LAMODE, MCKESONYRAS, TUSA, YUCVELP Outlets. (hereinafter, "Defendants") [Doc. 41]

1

3. On February 17, 2022, the Court entered a final default judgment order against all defendants other than Defendants Grande vente, LAMODE, MCKESONYRAS, TUSA, YUCVELP Outlets. [Docs. 44 & 45]

4. On March 7, 2022, Defendants presented their Answer, Affirmative Defenses and Counterclaim. [Doc. 49]

5. On March 8, 2022, this Court entered a case management order requiring that fact discovery be completed by September 8, 2022. [Doc. 50]

6. On April 19, 2022, following submission of a motion by Plaintiff to require filing, [Doc. 58] Defendants filed their Notification of Affiliates pursuant to Local Rule 3.2. [Doc. 60]

7. On June 7, 2022, this Court entered an Agreed Confidentiality Order. [Doc. 67]

8. On August 2, 2022, this Court granted Plaintiff's motion to dismiss Defendants' counterclaims. [Doc. 68]

9. On August 17, 2022, Defendants presented their first amended counterclaims. [Doc. 69]

10. On August 6, 2022, Plaintiff moved unopposed for an extension of time to submit discovery motions and to respond to Defendants' amended counterclaim. [Doc. 73] This Court granted Plaintiff's motion on September 7, 2022, permitting Plaintiff until September 22, 2022 to submit any discovery motions. [Doc. 74]

11. On September 22, 2022, the parties moved jointly for an extension of time to present discovery motions. [Doc. 75] This Court granted the joint motion on September 23, 2022, permitting until September 29, 2022 to file discovery motions and requiring Defendants to supplement their discovery responses no later than 5:00 PM CST on September 26, 2022. [Doc. 76]

12. On September 29, 2022, Plaintiff moved for additional extension of time to submit discovery motions. [Doc. 78] This Court granted Plaintiff's motion for extension of time on September 30, 2022, permitting Plaintiff until October 6, 2022 to submits any discovery motions. [Doc. 79]

13. Plaintiff now timely submits its motion to compel discovery responses and for fees pursuant to Fed.R.Civ.P. 37(a)[(5).

## LR 37.2 COMPLIANCE STATEMENT

14. On May 18, 2022, Plaintiff dispatched to Defendants a detailed deficiency letter setting out Defendants' failure to timely respond to Plaintiff's first interrogatories and requests for production of documents and specifically addressing concerns regarding the identity of Defendants. [Doc. 80 at ¶ 41; 80-38]

15. On May 23, 2022, Plaintiff dispatched to Defendants an amended deficiency letter addressing deficiencies in Defendants' affiliate disclosures and further expressing concerns regarding complete identification of Defendants. [Doc. 80 at ¶ 42; 80-39]

16. The parties convened a LR 37.2 conference on or about May 25, 2022. The conference was attended by counsel for Plaintiff, undersigned and Ms. Lydia Pittaway. Defendants were represented by Mr. Adam Urbanczyk. The conference convened at 9:45 AM CST. Defendants indicated that they expected to provide their responses to Plaintiff's first interrogatories and document requests on the same day. Second, Defendants agreed to update their Rule 26 disclosures to include home addresses and telephone numbers for the currently listed individuals. Defendants agree to provide this information by Friday, May 27, 2022. Third, Plaintiff was informed that the second defendant listed in the affiliate disclosures, MCKEYSONYRAS (Doe 11) / T-USA1 (Doe 17): International Group Inc 8803 Lakeside Court,

3

Boulder, CO 80301, was dissolved in 2018. [Doc. 80 at ¶ 43; 80-40]

17. Following additional attempts to resolve outstanding discovery issues via email, the parties again convened a LR. 37.2 conference via Zoom on September 16, 2022. The conference began at 9:00 AM CST and was attended by undersigned for Plaintiff and Mr. Adam Urbanczyk for Defendants. The conference continued for approximately two hours. First, the parties agreed that all objections are waived due to the tardiness of Defendants' initial responses to Plaintiff's interrogatories and requests for production of documents. Second, Plaintiff expressed its concern that Defendants' responses to Plaintiff's Interrogatory No. 1, regarding identification of Defendants, are insufficient. Defendants agreed to supplement. Third, in response to Plaintiff's concerns regarding the adequacy of Defendants' response to its RFP No. 3, Mr Urbanczyk agreed to inquire as to whether Defendants had any responsive documents and to provide them if so. Fourth, in response to Plaintiff's concerns regarding the adequacy of Defendants' response to RFP No. 7, Defendants agreed to provide records showing flows of funds between Defendants' Walmart.com accounts, identified Payoneer accounts and a Hong Kong company identified as ultimate the recipient of funds for all Defendants. Mr. Urbanczyk indicated that he did not object to Payoneer turning over additional documents but would need to confirm with Defendants. Fifth, in response to RFP 10, counsel for Defendants agreed to inquire as to whether documents exist. Sixth, in response to RFP 18, Mr. Urbanczyk agreed to inquire as to whether any responsive documents exist. Defendants committed to providing additional responses and production by September 19, 2022. Plaintiff memorialized the LR 37.2 conference in an email of on or about September 17, 2022. [Doc. 80 at ¶ 44; 80-41 at 2-4]

18. Defendants did not respond to Plaintiff's request of on or about October 2, 2022 to further confer in order to avoid the instant motion to compel. [Doc. 80-41 at 2]

4

19. Plaintiff respectfully submits that it is unable to informally resolve the discovery disputes set out above and addressed below due to no fault of its own and that Plaintiff has fully complied with LR. 37.2.

**Argument**

Defendants Must Fully Respond to Plaintiff's Int. No. 1

20. As shown in attached Exhibit One, each Defendant has failed to identify the owner, owners, members or corporate officers of each Defendant in response to Plaintiff's Int. No. 1, which is as follows:

> Interrogatory 1. Identify Yourself, including, but not limited to, stating the following for each Defendant and Defendant Internet Store and identifying the owner(s) and/or operator(s) of:
>
> a. Each Defendant Internet Store;
> b. Defendants' Financial Accounts;
> c. Defendants' Paypal Payment Account Name;
> d. Defendants' email addresses.
>
> [Unquote]

21. In response, each Defendant has provided nothing more than the name and address of a "manager." [Ex. 1]

22. Plaintiff respectfully submits that Defendants' identification of a "manager," as opposed to the companies, if any, that own and operate the Walmart.com stores are insufficient and must be supplemented to fully identify any corporate or other entities that own or have an ownership interest in the Walmart.com storefronts, their officers, directors and any employees or other persons that are responsible for the operation of the Walmart.com storefronts.

23. Plaintiff's request to compel Defendants to completely identify themselves is supported by the plain language of Fed.R.Civ.P. 26 which requires that the address and telephone

5

number of each individual likely to have discoverable information information - along with the subjects of that information - that the disclosing party may use to support its claims or defenses."

24. Plaintiff's concerns about the inadequacy of Defendants' response to Int. No. 1 is bolstered by the fact that the information provided by Defendants is inconsistent with Plaintiff's independent investigation. Specifically, Defendant Grande Vente fails to identify any corporation, in contradiction to its affiliate disclosures, [Doc. 60] but uses an address associated with Horizon String Inc., a Colorado Corporation. [Ex. 1 at 2] Records obtained from the Colorado Secretary of State[1] show that while Horizon String Inc. initially incorporated at 3650 S Irving St, Sheridan, CO 80110, [Doc. 80 at ¶ 50; 80-47 at 2] the address presented by Defendant, [Ex. 1 at 2] was changed on June 10, 2018 [Doc. 80 at ¶ 51; 80-48 at 2] and remains the address of record as of date of filing of the instant motion to compel. [Doc. 80 at ¶¶ 47, 49-56; 80-46-80-53]

25. Similarly, while Defendant MCKESONYRAS initially identified its owner as International Group Inc., [Ex. 1 at 4], providing the address as 8803 Lakeside Court Boulder, CO 80301 in its affiliate disclosures, [Doc. 60 at 1] Defendant MCKESONYRAS fails to identify any corporate owner in its amended response to Int. No. 1. [Ex. 1 at 4] Further, Plaintiff's independent investigation shows that while International Group Inc. was once incorporated in Colorado, [Doc. 80 at ¶¶45, 46; 80-43 at 2] International Group Inc. was dissolved on August 23, 2018 and remains so as of time of filing. [Doc. 80 at ¶¶45, 48; 80-42 at 2; 80-45 at 2]

---

[1] The Court may take judicial notice of public records relating to incorporation in Illinois and elsewhere. See *Lengerich v. Columbia Coll.*, 633 F. Supp. 2d 599, 607 n.2 (N.D. Ill. 2009) (taking judicial notice of a corporation's filing on the Illinois Secretary of State website); *Paulsen v. Abbott Labs.*, No. 15-cv-4144 at *12-13 (N.D. Ill. Mar. 27, 2018) (taking judicial notice of corporate filings of Delaware corporation)

6

Defendants Must Fully Respond to Plaintiff's RFP No. 3

26. Plaintiff's RFP No. 3 requests that Defendants provide "Documents, electronically stored information, and things sufficient to show Defendants' costs, cost allocations, revenues, and profits for the years 2018 through 2021." [Docs. 80 at ¶¶ 13, 21, 29, 37; 80-10; 80-18; 80-26; 80-34]

27. In response to Plaintiff RFP No. 3, each Defendant consistently cites only to D000038. [Docs. 80 at ¶¶ 14-16, 22-24, 30-33, 38-40; 80-11 to 80-13; 80-22 to 80-24; 80-27 to 80-29; 80-35 to 80-37]

28. D000038 consists of nothing more than a spreadsheet showing purported sales, costs and profits for 2021.

29. On its face, Defendants have failed to respond to Plaintiff's RFP No. 3.

Defendants Must Fully Respond to Plaintiff's RFP No. 5

30. Plaintiff's RFP No. 5 requests "Documents, electronically stored information, and things sufficient to identify each and every Financial Account that Defendants have transferred funds to from Defendants' Financial Accounts."

31. In response to Plaintiff RFP No. 5, each Defendant consistently cites only to D000039. [Docs 80 at ¶¶ 14-16, 22-24, 30-33, 38-40; 80-11 to 80-13; 80-22 to 80-24; 80-27 to 80-29; 80-35 to 80-37]

32. D000039 consists of nothing more than purported banking information for a non-party identified as Ares (Hong Kong) Electronic Commerce Co., Ltd. [Doc 80-55]

33. On its face, Defendants have failed to respond to Plaintiff's RFP No. 5.

It is Undisputed Between the Parties that All Objections are Waived

34. Via email of on or about September 17, 2022, Plaintiff confirmed, without objection from Defendants, that all potential objections that may have been made by Defendants in response to Plaintiff's interrogatories and request for production of documents are waived due to Defendants' tardy responses. [Docs. 80 at ¶44; 80-41 at 3]

Plaintiff is Entitled to an Award of Fees and Additional Litigation Sanctions
Pursuant to Fed.R.Civ.P. 37(a)(5)(A), Fed. R. Civ. P. 37(b)(2)(A) and Fed. R. Civ. P. 37(c)(1)

35. Federal Rule of Civil Procedure 37(a)(5)(A) provides that "If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." "The great operative principle of Rule 37(a)[(5)] is that the loser pays." *Rickels v. City of South Bend*, 33 F.3d 785, 786 (7th Cir. 1994); see also *Sambrano v. Mabus*, 663 F.3d 879, 881-82 (7th Cir. 2011). Sanctions are intended to ameliorate prejudice caused to an innocent party by a discovery violation, punish the party that violated its obligations, and/or deter others from committing similar violations. *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) "There must be... consequences for discovery violations that affect the orderly administration of discovery and to enforce the Court's deadline, which parties rely upon and take seriously, even if the violation is done inadvertently or unintentionally." *Doe v. City of Chicago*, Case No. 18-cv-3054 at *23 (N.D. Ill. 2019) (awarding attorney's fees for untimely disclosures).

36. Plaintiff respectfully submits that none of the circumstances that might not require the imposition of fees, as further set out in Federal Rule of Civil Procedure 37(a)(5)(A), are

8

present here where, as set out above, Plaintiff has gone to great lengths to confer with Defendants in hopes of avoiding the necessity of court intervention, resistance to Plaintiff's requests are not substantially justified and there are no other reasons that would make the imposition of fees unjust.

**Prayer For Relief**

Wherefore, Plaintiff respectfully requests that the Court enter an order granting Plaintiff the following relief:

1) That each Defendant be required to submit full and complete responses to Plaintiff's Int. No. 1, fully identify any corporate or other entities that own or have an ownership interest in the Walmart.com storefronts, their officers, directors and any employees or other persons that are responsible for the operation of the Walmart.com storefronts;

2) That each Defendant be required to fully and completely respond to Plaintiff's RFP No. 3;

3) That each Defendant be required to fully and completely respond to Plaintiff's RFP No. 5;

4) That Plaintiff be awarded it reasonable costs and attorney fees incurred in bringing the instant motion to compel as authorized by Federal Rule of Civil Procedure 37(a)(5)(A);

5) Any further and additional relief that the Court deems necessary and appropriate.

(Date and Signature on the Following Page)

Respectfully submitted this 7th day of October, 2022,

/s/ L. Ford Banister, II
Bar No. 5446539
Ford Banister IP
305 Broadway - Floor 7
New York, NY 10007
Telephone: +1 212-500-3268
Email: ford@fordbanister.com
*Attorney for Plaintiff*