# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| SHENZHEN DEJIAYUN NETWORK TECHNOLOGY CO., LTD., Plaintiff | No. 21 CV 6607 |
| v. | Judge Jeremy C. Daniel |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", Defendants | |

## ORDER

For the reasons discussed below, Defendant Tonighthere's motion to vacate [102] is denied.

## STATEMENT

Plaintiff Shenzhen Dejiayun Network Technology Co., Ltd. filed a complaint against a few dozen defendants operating e-commerce storefronts, alleging that the defendants violated the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and the Illinois Deceptive Trade Practice Act, 815 ILCS § 510, *et seq.*, by selling and offering for sale counterfeit products bearing the plaintiff's federally registered "BAGILAANOE" trademark (No. 5,745,285). (*See generally,* R. 1; *see also* R. 1-1.) Most of the defendants did not respond to the plaintiff's claims, resulting in the entry of a default judgment on February 17, 2022. (R. 44.) Over nine months later, Defendant Tonighthere appeared in the case and filed a motion to vacate. (R. 102.) Tonighthere contends that the default judgment should be vacated for improper service under Federal Rule of Civil Procedure 60(b)(4) or, in the alternative, for excusable neglect under Federal Rule of Civil Procedure 60(b)(1). (*See id.*)

Beginning with the defendant's service argument, Federal Rule of Civil Procedure 55(c) provides that "a court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Rule 60(b) allows a district court to relieve a party from judgment for various exceptional circumstances, including when the judgment is void. *See* Fed. R. Civ. P. 60(b)(4). A judgment is void if the defendant was not properly served at the time judgment was entered. *See Trade Well Int'l v. United Cent. Bank*, 825 F.3d 854, 859 (7th Cir. 2016).

Here, Tonighthere was served by email and website publication. (R. 26.) Federal Rule of Civil Procedure 4(f)(3) permits email service, providing that service of an individual in a foreign country may be made "by other means not prohibited by international agreement, as the court orders." The Hague Service Convention does not prohibit email service; nor is the Court persuaded by Tonighthere's argument that the plaintiff was required to first attempt service through the Convention before seeking leave to effect service by other means. *See Klauber Bros., Inc. v. P'ships & Unincorporated Ass'ns Identified in Sched. "A",* No 23 C 10407, 2024 WL 1822 09, at *3 (N.D. Ill. Jan. 17, 2024). Further, although the People's Republic of China objects to Article 10(a) of the Convention, which allows for service by "postal channels" in the absence of an objection by the "State of destination," Hague Service Convention Art. 10, 20 U.S.T. 361, the term "postal channels" does not encompass electronic mail. *See NBA Props., Inc. v. P'ships & Unincorporated Ass'ns Identified in Sched. "A"*, 549 F. Supp. 3d 790, 798 (N.D. Ill. 2021), *aff'd sub nom. NBA Props., Inc., v. HANWJH*, 46 F.4th 614 (7th Cir. 2022). The Court thus finds that Tonighthere was properly served at the time default judgment was entered. The defendant's motion to vacate under Rule 60(b)(4) is denied.

Tonighthere's arguments under Rule 60(b)(1), which requires the movant show good cause for the default, quick action to correct it, and a meritorious defense, are equally unavailing. *See Wehrs v. Wells*, 688 F.3d 886, 890 (7th Cir. 2012). Upon learning of this matter, Tonighthere waited six months before appearing in the case and contesting the default judgment's validity. This is not quick action. *See Acosta v. DT & C Glob. Mgmt., LLC*, 874 F.3d 557, 561 (7th Cir. 2017) ("two, three months" delay between learning of the default judgment and filing a motion to vacate was not quick); *Tygris Asset Fin., Inc. v. Szollas*, No. 09 C 4488, 2010 WL 2610652, at *3 (N.D. Ill. June 21, 2010) (collecting cases where defendant failed to show quick action to correct the default). Nor did the parties' purported settlement discussions obviate Tonighthere's responsibility to protect its interests in this litigation. *See Zuelzke Tool & Eng'g Co., Inc. v. Anderson Die Castings, Inc.*, 925 F.2d 226, 229 (7th Cir. 1991) ("where a party willfully, albeit through ignorance or carelessness, abdicates its responsibilities, relief from judgment under Rule 60(b) is not warranted"); *Chapter 4 Corp. v. P'ships & Unincorporated Ass'ns Identified on Sched. "A"*, No. 20 C 6115, 2021 WL 1906461, at *2 (N.D. Ill. May 12, 2021) ("it is well-settled that confusion over the status of settlement discussions does not provide good cause for default"). Tonighthere has thus failed to show that it is entitled to relief for excusable neglect. *See Zuelzke Tool*, 925 F.2d at 230 (even if a meritorious defense exists, it, alone, cannot excuse carelessness). The defendant's motion to vacate under Rule 60(b)(1) is denied.

Date: February 15, 2024

JEREMY C. DANIEL
United States District Judge

2