# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SHENZHEN DEJIAYUN NETWORK TECHNOLOGY CO., LTD., <br>     Plaintiff <br><br> v. <br><br> THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", <br>     Defendants | No. 21 CV 6607 <br><br> Judge Jeremy C. Daniel |

## ORDER

Plaintiff Shenzhen Dejiayun Network Technology Co., Ltd.'s motion for jurisdictional discovery on Defendant Spring Ocean, Inc.'s motion to vacate default judgment [105] is denied, and its motion for leave to file a sur-reply as to its motion for jurisdictional discovery [136] is denied as moot. The plaintiff shall file its response to Spring Ocean's motion to vacate by February 29, 2024. Spring Ocean's reply is due by March 6, 2024.

## STATEMENT

Following the Court's entry of default judgment against Defendant Spring Ocean, Inc. ("Spring Ocean"), (R. 44), Spring Ocean filed a motion to vacate the judgment under Federal Rule of Civil Procedure 60(b)(4). (R. 91.) Spring Ocean contends that the default judgment is void for lack of personal jurisdiction because it did not sell any allegedly infringing products in Illinois and has no suit-specific contacts with the state. (*Id.* at 6–13.) Spring Ocean supports its motion with a declaration from its manager, Chenxi Li, which provides that Spring Ocean sold five allegedly infringing products in Florida and New York, but none in Illinois. (R. 91-1 ("Li Decl.") at ¶ 5; *see also id.* at 4.) In lieu of a response, the plaintiff filed a motion for jurisdictional discovery on Spring Ocean's motion to vacate (R. 105) and, more recently, a motion for leave to file a "sur-reply" to its motion for jurisdictional discovery. (R. 136.) The plaintiff alleges that it has discovered evidence suggesting that Spring Ocean is holding itself out as a Florida corporation in order to conceal its true identity, and seeks jurisdictional discovery on this issue to determine if Spring Ocean is operating under any other aliases. (R. 105 at 7–15.)

A plaintiff must establish a colorable showing of personal jurisdiction before a court permits jurisdictional discovery. *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 946 (7th Cir. 2000). Although this is a low bar, a court should deny a plaintiff's request if it is based on "nothing more than mere speculation and would amount to a fishing expedition." *Helping Hands Caregivers, Ltd. v. Darden Rests., Inc.*, 900 F.3d 884, 890 (7th Cir. 2018). Further, the Seventh Circuit has held that "[f]oreign nationals usually should not be subjected to extensive discovery in order to determine whether personal jurisdiction exists." *Cent. States*, 230 F.3d at 946.

The plaintiff has failed to make the requisite showing to warrant jurisdictional discovery. Spring Ocean states that it is a sole proprietor located in the People's Republic of China and operates a storefront on Walmart Marketplace that made sales to residents in Florida and New York. (*See* Li Decl. at 4; R. 124 at 2.) The plaintiff, on the other hand, contends that Spring Ocean is holding itself out as a Florida corporation and may have other aliases doing business elsewhere. (R. 105 at 7–8.) None of these competing facts relate to Illinois, nor show how Spring Ocean may be subject to general or specific personal jurisdiction in Illinois. The plaintiff's speculation that Spring Ocean may have aliases or affiliates that are somehow connected to Illinois, without more, is insufficient to warrant jurisdictional discovery. *See Helping Hands Caregivers*, 900 F.3d at 890 ("The mere hope, without more, of revealing a 'smoking gun' is insufficient to support unbounded discovery.").

Further, the Court is not persuaded by the plaintiff's argument that jurisdictional discovery is needed to ensure that the proper party is prosecuting the motion to vacate. The default judgment was entered against Spring Ocean, and Spring Ocean may therefore seek any relief for which it believes it may be entitled. Finally, any arguments related to Federal Rule of Civil Procedure 4(k)(2) are inapplicable here, as Spring Ocean has acknowledged that it is subject to personal jurisdiction in Florida and New York. *See Indag GmbH & Co. v. IMA S.P.A*, 150 F. Supp. 3d 946, 959–60 (N.D. Ill. 2015) ("Courts may engage in a Rule 4(k)(2) analysis when the defendant contends that he cannot be sued in the forum state, and refuses to identify any other where suit is possible.").

For the reasons discussed above, the Court denies the plaintiff's motion for jurisdictional discovery, (R. 105), and denies as moot the plaintiff's motion for leave to file a sur-reply. (R. 136.)

Date: February 15, 2024

JEREMY C. DANIEL
United States District Judge