UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHENZHEN DEJIAYUN NETWORK TECHNOLOGY CO., LTD., <br> Plaintiff <br><br> v. <br><br> THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", <br> Defendants | No. 21 CV 6607 <br><br> Judge Jeremy C. Daniel |

### ORDER

The Court grants in part and denies in part the motion to vacate [111] filed by Defendants Xiupinxuan d/b/a Homgood ("Homgood"), Lesaijia d/b/a Koneni ("Koneni"), Huafu d/b/a Looling ("Looling"), and Yiwuqizhong d/b/a Vning ("Vning"). The Court grants the motion as to Homgood and Looling, and denies the motion as to Koneni and Vning. The default judgment against Homgood and Looling is vacated. The plaintiff's claims against Homgood and Looling are dismissed without prejudice.

### STATEMENT

Plaintiff Shenzhen Dejiayun Network Technology Co., Ltd. filed a complaint against a few dozen defendants operating e-commerce storefronts, alleging that the defendants violated the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and the Illinois Deceptive Trade Practice Act, 815 ILCS § 510, *et seq.*, by selling and offering for sale counterfeit products bearing the plaintiff's federally registered "BAGILAANOE" trademark (No. 5,745,285). (*See generally,* R. 1; *see also* R. 1-1.) Most of the defendants did not respond to the plaintiff's claims, resulting in the entry of a default judgment on February 17, 2022. (R. 44.) Over nine months later, Defendants Homgood, Koneni, Looling, and Vning appeared in the case and filed a motion to vacate the default judgment. (R. 111.) The defendants contend that the default judgment should be vacated for lack of personal jurisdiction under Federal Rule of Civil Procedure 60(b)(4) or, alternatively, that the judgement should be vacated for good cause under Federal Rule of Civil Procedure 60(b)(1). (*See id.*)

Beginning with the defendants' personal jurisdiction argument, Federal Rule of Civil Procedure 55(c) provides that "a court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c).

Rule 60(b) allows a district court to relieve a party from judgment for various exceptional circumstances, including when the judgment is void. *See* Fed. R. Civ. P. 60(b)(4). A judgment is void if the court lacked personal jurisdiction over the defendant at the time judgment was entered. *See Trade Well Int'l v. United Cent. Bank*, 825 F.3d 854, 859 (7th Cir. 2016). Although it is typically the plaintiff's burden to demonstrate personal jurisdiction, the burden lies with the defendant when jurisdiction is challenged following the entry of default. *See Bally Export Corp. v. Balicar, Ltd.*, 804 F.2d 398, 401 (7th Cir. 1986) (the defendant "shoulder[s] the burden of proof" if it decides to contest jurisdiction in a post-judgment motion).

Because the plaintiff's case arises under the Lanham Act, which does not authorize nationwide service of process, the Court looks to Illinois' long-arm statute to determine whether it was proper to exercise personal jurisdiction over the defendants. *NBA Props., Inc. v. HANWJH*, 46 F.4th 614, 620 (7th Cir. 2022); *see also* 735 ILCS 5/2-209(c). Illinois' long-arm statute permits the exercise of jurisdiction to the full extent allowed by the Fourteenth Amendment's Due Process Clause. *Philos Techs., Inc. v. Philos & D, Inc.,* 645 F.3d 851, 912 (7th Cir. 2011). The Due Process Clause is satisfied where the defendant has "minimum contacts" with the forum state such that requiring it to defend in the forum would not offend "traditional notions of fair play and substantial justice." *be2 LLC v. Ivanov*, 642 F.3d 555, 558 (7th Cir. 2011) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Such minimum contacts can be demonstrated under one of two theories of personal jurisdiction—general or specific—but only the latter is relevant here. Specific personal jurisdiction requires that "(1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in the state; (2) the alleged injury arises out of or relates to the defendant's forum-related activities; and (3) any exercise of personal jurisdiction must comport with traditional notions of fair play and substantial justice." *Rogers v. City of Hobart, Ind.*, 996 F.3d 812, 819 (7th Cir. 2021) (citing *Curry v. Revolution Lab'ys, LLC*, 949 F.3d 385, 398 (7th Cir. 2020)).

In this case, Homgood and Looling have put forth sufficient evidence that they have not directed any of their activities toward, or sold any allegedly infringing products to, residents of Illinois. Homgood and Looling support their motion with a declaration from Yao Ge, the Vice President of Shenzhen Kesitong Information Technology Co., Ltd., the entity that owns and manages Homgood and Looling's storefronts on the Walmart Marketplace platform. (R. 111-1 ("Ge Decl.") ¶¶ 1–2.) The Ge Declaration states that neither Homgood nor Looling made any sales of any infringing products in Illinois.[1] (*Id.* ¶ 15.) The plaintiff does not present any evidence indicating otherwise. Rather, the record shows only Homgood and Looling's product listings on Walmart.com wherein the plaintiff entered the Court's address to demonstrate that

---

[1]Although not provided in support of their motion to vacate, Homgood and Looling represent that they provided their sales data to the plaintiff. (R. 130 at 3 & n.1.)

2

the defendants stood "ready and willing to ship counterfeit goods" to Illinois. (R. 40 ¶ 7; *see also* R. 9-1.)

The Court is not aware of any authority indicating that simply populating a potential shipping address into a website is sufficient to establish purposeful direction. If that were the case, the Seventh Circuit's admonition that a district court should not exercise personal jurisdiction over a defendant simply because they own or operate an interactive website that is accessible in the forum would have no teeth. *See Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 803 (7th Cir. 2014). Rather, the Seventh Circuit has indicated that something more than the ability to insert a shipping address on an online retail website is needed to establish personal jurisdiction. *See, e.g., NBA Props., Inc.*, 46 F.4th at 624–27 (holding that a single sale to plaintiff's investigator in Illinois was sufficient to confer personal jurisdiction); *BRABUS GmbH v. Individuals Identified on Sched. "A" Hereto,* No. 20 C 3720, 2022 WL 7501046, at *3 (N.D. Ill. Oct. 13, 2022) (chat log with would-be-buyer wherein the defendant indicated it could ship to Illinois, provided a specific price for shipping costs, and created an invoice showing the shipment was sufficient to establish personal jurisdiction). There is no evidence that Homgood and Looling have such contacts.

By contrast, Koneni and Vning do not—and cannot—challenge personal jurisdiction based on purposeful direction because they concede that they sold allegedly infringing products in Illinois. (R. 111 at 1; Ge Decl. ¶ 15.) Rather, they contend that jurisdiction is lacking because these sales are not "suit-related" in that they have nothing to do with the entities' use of the BAGILAANOE mark. (R. 111 at 7.) Koneni and Vning state that any connection between their Illinois sales and the BAGILAANOE mark arises from the algorithm that Walmart Marketplace uses to present its product listings to consumers. (*Id.*) But these arguments speak to the merits of the case—that is, whether the plaintiff would have been able to prove up its claims against them. In other words, while the likelihood of confusion provides the basis for the suit, the act of selling allegedly infringing products to customers in Illinois provides the basis for personal jurisdiction. *See NBA Props., Inc.*, 46 F.4th at 627; *see also Curry*, 949 F.3d at 401. Here, Koneni's and Vning's activity in Illinois, *i.e.,* the sale of products in the state that appeared as BAGILAANOE listings on Walmart Marketplace, is the very activity at the heart of this litigation. Such contacts are sufficiently suit-related for purposes of personal jurisdiction.

Accordingly, the Court had personal jurisdiction to enter the default judgment against Koneni and Vning, but not so for Homgood and Looling. The plaintiff's alternative theories of personal jurisdiction do not change this latter conclusion.

First, the plaintiff argues that Koneni's and Vning's jurisdictional contacts should be imputed to Homgood and Looling under an agency or alter-ego theory because they are commonly owned and managed by Shenzhen Kesitong Information Technology

3

Co., Ltd. (R. 125 at 4–5.) But unity of ownership alone is insufficient to demonstrate that one entity is the alter ego of another. *See Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 943 (7th Cir. 2000). And Seventh Circuit precedent is clear that the Court must normally assess distinct entities' jurisdictional contacts independently, even if those entities are affiliates. *See Purdue Rsch. Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 788 n.17 (7th Cir. 2003) ("as a general rule, the jurisdictional contacts of a subsidiary corporation are not imputed to the parent"). A subsidiary's contacts are only imputed to the parent if "the parent exercises so much control over the subsidiary that the subsidiary is, in effect, an alter ego of the parent." *Vortex, Inc. v. P'ships & Unincorporated Ass'ns Identified on Sched. "A,"* No. 22 C 4189, 2023 WL 7386059, at *2 (N.D. Ill. Nov. 8, 2023) (citing *Cent. States*, 230 F.3d at 943–45.) Despite having had the opportunity to ascertain the defendants' true identities through discovery, the plaintiff does not point to any evidence in the record to establish that the Court should depart from the ordinary rule here. Indeed, the plaintiff itself has treated Homgood, Looling, Koneni, and Vning as distinct entities. (*See* R. 130-2 at 2.)

The plaintiff's jurisdictional argument under Federal Rule of Civil Procedure 4(k)(2)[2] is equally unavailing. This rule applies where "the defendant contends that he cannot be sued in the forum state and refuses to identify any other where suit is possible." *Indag GmbH & Co. v. IMA S.P.A*, 150 F. Supp. 3d 946, 959–60 (N.D. Ill. 2015). This is not the case here, as Homgood and Looling acknowledge that they have made sales in other states and have provided this information to the plaintiff. (R. 130 at 5 & n.4.) Accordingly, Rule 4(k)(2) does not apply. Because the default judgments against Homgood and Looling were entered without personal jurisdiction, the Court grants their motion to vacate under Rule 60(b)(4). Koneni's and Vning's Rule 60(b)(4) motion, on the other hand, is denied.

The only remaining basis to vacate the default judgment against Koneni and Vning is under Rule 60(b)(1). To succeed on a Rule 60(b)(1) motion, "the moving party must demonstrate: '(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint.'" *Wehrs v. Wells*, 688 F.3d 886, 890 (7th Cir. 2012) (quoting *Sun v. Bd. of Trs. of Univ. of Ill.*, 473 F.3d 799, 810 (7th Cir. 2007)). Unlike Rule 60(b)(4), under which relief must be granted if the judgment is void, *see Philos Techs., Inc.,* 645 F.3d at 855, courts have considerable latitude in deciding whether to grant Rule 60(b)(1) relief. *See Wehrs*, 688 F.3d at 890 (explaining that courts have "discretion piled on discretion" when deciding a Rule 60(b)(1) motion).

Koneni and Vning argue that the default judgment should be vacated for excusable neglect because they have meritorious defenses against both the plaintiff's counterfeiting and trademark infringement claims. (R. 111 at 8–13.) A meritorious

---

[2] Rule 4(k)(2) allows for personal jurisdiction over a defendant if (1) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and (2) exercising jurisdiction is consistent with the United States Constitution and laws. Fed. R. Civ. P. 4(k)(2).

defense standing alone, however, does not excuse carelessness. *Zuelzke Tool & Eng'g Co. v. Anderson Die Castings, Inc.*, 925 F.2d 226, 230 (7th Cir. 1991). And Koneni and Vning have shown neither good cause for the default, nor quick action to correct it. Despite learning of this suit in January 2022—prior to the hearing on the plaintiff's motion for entry of default judgment—Koneni and Vning failed to appear in the case or defend against the plaintiff's motion. (*See* R. 43; R. 106; R. 107; R. 111 at 14.) The defendants cite a lack of appreciation for the legal consequences of missing the hearing and ongoing settlement discussions with the plaintiff's counsel as reasons for their non-appearance. (R. 111 at 14.) Such reasons do not constitute good cause. *See Zuelzke Tool*, 925 F.2d at 229 ("where a party willfully, albeit through ignorance or carelessness, abdicates its responsibilities, relief from judgment under Rule 60(b) is not warranted"); *Chapter 4 Corp. v. P'ships & Unincorporated Ass'ns Identified on Sched. "A"*, No. 20 C 6115, 2021 WL 1906461, at *2 (N.D. Ill. May 12, 2021) ("it is well-settled that confusion over the status of settlement discussions does not provide good cause for default").

Further, Koneni and Vning cannot show quick action to set aside the default, having waited over nine months after its entry to file their motion to vacate. *See United States v. Dixon*, No. 99 C 7239, 2001 WL 800074, at *3 (N.D. Ill. July 13, 2001) (finding no quick action where defendants waited nine months after entry of default judgment to act). Indeed, courts have found that delays as short as a few weeks did not constitute quick action. *See Tygris Asset Fin., Inc. v. Szollas*, No. 09 C 4488, 2010 WL 2610652, at *3 (N.D. Ill. June 21, 2010) (collecting cases). Because Koneni and Vning cannot show either good cause or quick action, they are not entitled to relief under Rule 60(b)(1). *See Pretzel & Stouffer, Chartered v. Imperial Adjusters, Inc.,* 28 F.3d 42, 46–47 (7th Cir. 1994). The defendant's Rule 60(b)(1) motion is therefore denied.

Date: February 15, 2024

JEREMY C. DANIEL
United States District Judge