# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SHENZHEN DEJIAYUN NETWORK TECHNOLOGY CO., LTD., <br>     Plaintiff <br><br> v. <br><br> THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", <br>     Defendants | No. 21 CV 6607 <br><br> Judge Jeremy C. Daniel |

## ORDER

Defendant Spring Ocean's motion to vacate [91] is granted. Plaintiff Shenzhen Dejiayun Network Technology Co., Ltd.'s motion to transfer [144] is denied. The plaintiff's claims against Spring Ocean are dismissed without prejudice for lack of personal jurisdiction.

## STATEMENT

In typical "Schedule A"-fashion, Plaintiff Shenzhen Dejiayun Network Technology Co., Ltd. filed an omnibus complaint against a few dozen defendants, alleging violations of the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and the Illinois Deceptive Trade Practice Act, 815 ILCS § 510, *et seq.*, in connection with the alleged infringement of its federally registered "BAGILAANOE" trademark (No. 5,745,285). (*See generally*, R. 1; *see also* R. 10.) Most of the defendants, including Spring Ocean, did not respond to the plaintiff's complaint, resulting in the entry of a default judgment on February 17, 2022. (R. 44.) Spring Ocean later appeared and filed a motion to vacate the default judgment for lack of personal jurisdiction under Federal Rule of Civil Procedure 60(b)(4), arguing that it lacks any suit-specific contacts with Illinois. (*See generally*, R. 91.) In support of its motion, Spring Ocean attached a copy of its sales records for the allegedly infringing products. (R. 91-1 at 4.) The records show that Spring Ocean made four sales of allegedly infringing products in Florida and one in New York. (*Id.*) No sales were made in Illinois. (*Id.*)

In response, the plaintiff does not challenge Spring Ocean's lack of sales in Illinois.[1] (*See* R. 144.) Rather, it moves the Court to transfer this case to the Southern District

---

[1] The plaintiff initially responded to Spring Ocean's motion to vacate with a motion for leave to conduct jurisdictional discovery, (R. 105), which the Court denied. (R. 142.)

of Florida under 28 U.S.C. § 1631 and 28 U.S.C. § 1404(a). (*Id.* at 5–8.) The Court addresses the parties' motions in turn.

Federal Rule of Civil Procedure 55(c) provides that "a court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Rule 60(b) allows a district court to relieve a party from judgment for various exceptional circumstances, including when the judgment is void. *See* Fed. R. Civ. P. 60(b)(4). A judgment is void if the court lacked personal jurisdiction over the defendant at the time judgment was entered. *See Trade Well Int'l v. United Cent. Bank*, 825 F.3d 854, 859 (7th Cir. 2016). Although it is typically the plaintiff's burden to demonstrate personal jurisdiction, the burden lies with the defendant when jurisdiction is challenged following the entry of default. *See Bally Export Corp. v. Balicar, Ltd.*, 804 F.2d 398, 401 (7th Cir. 1986) (the defendant "shoulder[s] the burden of proof" if it contests jurisdiction in a post-judgment motion).

Because the plaintiff's case arises under the Lanham Act, which does not authorize nationwide service of process, the Court looks to Illinois' long-arm statute to determine whether it has personal jurisdiction over Spring Ocean. *NBA Props., Inc. v. HANWJH*, 46 F.4th 614, 620 (7th Cir. 2022); *see also* 735 ILCS 5/2-209(c). Illinois' long-arm statute permits the exercise of jurisdiction to the full extent allowed by the Fourteenth Amendment's Due Process Clause. *Philos Techs., Inc. v. Philos & D, Inc.*, 645 F.3d 851, 912 (7th Cir. 2011). The Due Process Clause is satisfied where the defendant has "minimum contacts" with the forum state such that requiring it to defend in the forum would not offend "traditional notions of fair play and substantial justice." *be2 LLC v. Ivanov*, 642 F.3d 555, 558 (7th Cir. 2011) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Such minimum contacts can be demonstrated under one of two theories of personal jurisdiction— general or specific—but only the latter is relevant here. *See Rogers v. City of Hobart, Ind.*, 996 F.3d 812, 818 (7th Cir. 2021). Specific personal jurisdiction requires that "(1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in the state; (2) the alleged injury arises out of or relates to the defendant's forum-related activities; and (3) any exercise of personal jurisdiction [comports] with traditional notions of fair play and substantial justice." *Id.* at 819 (citing *Curry v. Revolution Lab'ys, LLC*, 949 F.3d 385, 398 (7th Cir. 2020)).

In this case, Spring Ocean has put forth sufficient evidence, via its sales records, that it has not directed any of its activities toward, or sold any infringing products to, residents of Illinois. The only connection to Illinois that is substantiated by the record is that Spring Ocean operated an e-commerce platform that is accessible in the forum. But this, without more, is not sufficient to confer personal jurisdiction. *See Int'l Star Registry of Ill., Ltd. v. RGIFTS Ltd.*, No. 21 C 6446, 2022 WL 16715889, at *4 (N.D. Ill. Nov. 4, 2022) (quoting *NBA Props., Inc. v. P'ships & Unincorporated Ass'ns Identified in Schedule "A"*, 549 F. Supp. 3d 790, 794 (N.D. Ill. 2021), *aff'd*, 46 F.4th 614 (7th Cir. 2022)) ("[O]nline retailers form minimum contacts with a forum when

2

they 'stand ready and willing to do business with' residents of the forum and then 'knowingly do business with' those residents."). Accordingly, the Court grants Spring Ocean's motion to vacate for lack of personal jurisdiction.

In lieu of dismissing the claims against Spring Ocean, the plaintiff moves the Court to transfer the case to the Southern District of Florida as there is no dispute that Spring Ocean would be subject to personal jurisdiction there based on its sales records. (R. 124 at 7; R. 144 at 5–8.) A district court may transfer a case to "cure want of [personal] jurisdiction if it is in the interest of justice." 28 U.S.C. § 1631; *see also North v. Ubiquity, Inc.*, 72 F.4th 221, 227 (7th Cir. 2023) (holding § 1631's reference to "jurisdiction" includes both subject matter and personal jurisdiction). The "interest of justice" inquiry, however, is quite limited. *North*, 72 F.4th at 228. A bar on refiling based on the statute of limitations amounts to a compelling reason to transfer a case. *Id.* (citing *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999)). But where there is no such bar to refiling, the Court need not transfer the case pursuant to § 1631. *Id.* (quoting *Danziger v. De Llano*, 948 F.3d 124, 133 (3d Cir. 2020) ("If a plaintiff may, on its own, refile its case in a proper forum, 'the interests of justice' do not demand transfer.")). In this case, the plaintiff does not contend that the statute of limitations, or any other procedural obstacle, stands as a bar to refiling. The Court thus does not find that the interests of justice require transfer under § 1631. *See, e.g., Roadget Bus. Pte. Ltd. v. Individuals, Corps., Ltd. Liab. Cos., P'ships, & Unincorporated Ass'ns Identified on Schedule A Hereto,* No. 23 C 17036, 2024 WL 1858592, at *5 (N.D. Ill. Apr. 29, 2024) (declining to transfer defendants to proper forum where statute of limitations did not stand as a bar to refiling). The Court therefore dismisses the claims against Spring Ocean without prejudice to the plaintiff pursuing the relief it seeks in an appropriate forum.

Date: 7/11/2024

JEREMY C. DANIEL
United States District Judge

3